RECEIVED

SEP 2 3 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN ROBIN | CIVIL ACTION NO. 13-2347 |
| VERSUS | JUDGE DOHERTY |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the Commissioner's decision in this social security matter, denying benefits, be reversed and benefits awarded [Doc. 10]. The Acting Commissioner of the Social Security Administration objects, in part, arguing benefits should not be awarded, but rather, the matter should be remanded for further administrative proceedings [Doc. 11]. After consideration of the defendant's Objections [Doc. 11] and the appellant's Response to those Objections [Doc. 12], this Court AFFIRMS the findings of the magistrate judge. Consequently, the Commissioner's decision is REVERSED and REMANDED to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. §405(g), and the Commissioner is ORDERED to grant the plaintiff's application for Supplemental Security Income and to compute and pay an award of benefits beginning March 25, 2006.

The facts of the case have been set forth in the magistrate judge's Report and will not be restated herein. With respect to the report issued by the magistrate judge, pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the

[magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Therefore, this Court has made a *de novo* review of the portions of the magistrate judge's report to which the defendant objects. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

Agreeing with the magistrate judge that there is not substantial evidence in the record to support the ALJ's conclusion of nondisability, the only question for this Court is whether the instant matter should be reversed or remanded. The fourth sentence of 42 U.S.C. §405(g) provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When an ALJ's decision is not supported by substantial evidence, and the uncontroverted evidence clearly establishes the claimant's entitlement to benefits, the case may be remanded with the instruction to make an award of benefits. *See Taylor v. Bowen*, 782 F.2d 1294, 1298–99 (5th Cir.1986). The record must enable the court to "determine definitively that the claimant is entitled to benefits." *Armstrong v. Astrue*, 2009 WL 3029772, *10 (N.D.Tex.2009) (Cummings, J.).

The magistrate judge recommends reversal and remand to the Commissioner for computation of benefits to be awarded to the appellant. The Commissioner argues the matter should be remanded for further administrative action (with no award of benefits at this time) on grounds an award of benefits is not proper because there is inconsistent objective medical evidence that contradicts a

finding of total disability. To bolster this argument, the Commissioner points to the medical report of Dr. Paul K. Fenn, wherein Dr. Fenn opines that the appellant can perform sedentary work, an opinion the Commissioner argues is inconsistent with a finding of total disability. However, a review of Dr. Fenn's report shows it is largely consistent with the reports of the other examining physicians and is not inconsistent with a finding of disability. Indeed, review of Dr. Fenn's report shows that although Dr. Fenn reported the appellant could perform "at least sedentary and probably light duty" work (Tr. 366, 595), Dr. Fenn expressed concern about the appellant's ability to *sustain* such work, noting "[t]he concerns regarding duration of activity can be assessed based on his tolerance" [Tr. 595]. This finding is consistent with the majority of other examining physicians, none of whom reported the appellant is capable of performing sedentary work on a sustained basis, which is necessary for a finding of nondisability, all as more fully explained by the magistrate judge in his Report, which discussion is adopted herein *in toto*.

Moreover, the magistrate judge points out that where a case has been pending for some time and has been before an ALJ on more than one occasion, under certain circumstances, courts have concluded it does not serve justice to remand the case for further proceedings. *See, e.g., Shugart v. Astrue*, 2013 WL 991252 (N.D. Tex. Mar. 13, 2013), at *6 (reversing and remanding for an award of benefits where the ALJ erred in determining the plaintiff's residual functional capacity and the case had been pending for seven years, been before an ALJ three times, and the record consists of nearly 2,000 pages); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) (remanding for an award of benefits where case had been pending for over eight years, and the ALJ had relied on the wrong medical record in denying benefits); *Jimmerson v. Apfel*, 111 F.Supp.2d 846, 850–51 (E.D. Tex. 2000) (reversing and remanding for an award of benefits where the ALJ's decision was not supported

3

by substantial evidence, the case had been remanded twice before, and the plaintiff's claim had been pending for eight years).

In the instant case, the magistrate judge noted the appellant has been seeking benefits since 2007; two hearings have been held; and two adverse rulings have been issued by the ALJ, even after this Court ordered that the case be heard again. In his first ruling, the ALJ failed to consider all of the appellant's medically determinable impairments; relied on a stale and incomplete functional capacity evaluation; and made a credibility determination based on a misinterpretation of medical records, resulting in a residual functional capacity determination that was not supported by substantial evidence in the record. In his second ruling, the ALJ again failed to identify all of Mr. Robin's severe impairments; did not properly evaluate medical equivalence; improperly substituted his own opinion for that of Mr. Robin's physicians; and improperly evaluated Mr. Robin's residual functional capacity, again resulting in a decision that was not supported by substantial evidence. Here, the magistrate judge concluded it would not serve justice to remand the case for further proceedings, and this Court agrees.

Considering the foregoing, this Court concludes the magistrate judge properly reversed the ALJ in this matter and remanded the matter to the Commissioner with an instruction to make an award of benefits. Therefore, IT IS ORDERED that the Commissioner's decision is REVERSED and REMANDED to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. §405(g), and the Commissioner is ORDERED to grant the plaintiff's application for Supplemental Security Income and to compute and pay an award of benefits

beginning March 25, 2006, all for the reasons set forth in the magistrate judge's Report and noting the further clarifications contained herein.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this __23__ day of September, 2014.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE